IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENDELL H., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:24-cv-4382 |
| | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Plaintiff Rendell H. filed the present action under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for disability insurance benefits.[1] Plaintiff and the Commissioner filed cross-motions for summary judgment. Having considered the parties' filings, the record, and the law, the Court Recommends that Plaintiff's Motion (ECF 12) be DENIED, the Commissioner's Motion (ECF 19) be GRANTED, and the final decision of the Commissioner be AFFIRMED.

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

I. Background

Plaintiff filed a Title II application for disability insurance benefits on May 10, 2022 alleging disability beginning November 16, 2020. Tr. 39. After Plaintiff's application for benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ conducted a telephone hearing on May 14, 2024, at which Plaintiff chose to appear without counsel and testified. Tr. 59-72. An impartial vocational expert, Jessica Earl, also testified. Tr. 72-73. The ALJ issued a decision on June 5, 2024 finding that Plaintiff was not disabled within the meaning of the Social Security Act at any time from his date of onset through the date of the decision. Tr. 39-49. The Appeals Council denied Plaintiff request for review on September 5, 2024 and the ALJ's decision became the final decision of the Commissioner. Tr. 29-33.

Plaintiff was 61 years old at the time of the hearing. Tr. 60. He has a college degree in social work. Tr. 60-61. From 2008 until he stopped working in 2020, Plaintiff worked for the Veteran's Administration (VA) doing a job in logistics that involved multiple duties. Tr. 61-63. In an eight-hour workday he typically was seated for 5-6 hours. Tr. 64. He did not have to lift more than 10 pounds on a regular basis. *Id.*

Plaintiff had shoulder surgeries in 2017 and 2018, after which he worked for approximately two more years. Tr. 69. He stopped working because of pain in his

shoulders, back, and hips. Tr. 66. He also was suffering from headaches and lack of concentration. *Id.* He did not take his medication on the job because it made him fall asleep. *Id.* At the time of the hearing, Plaintiff was seeing a psychiatrist for depression and anxiety, a liver specialist, and an orthopedics specialist regarding his need for a hip replacement. Tr. 68. He testified that he cannot sit or stand for very long and mostly naps during the day. Tr. 73. Plaintiff receives VA disability payments because of a service-connected disability incurred during his military service. Tr. 65-66.

The vocational expert, Jessica Earl, testified that Plaintiff's past work is best described as logistics specialist, which is a sedentary position with SVP 8, but it was performed by Plaintiff at the light level. Tr. 71. In response to the ALJ's hypothetical, Earl testified that an individual with Plaintiff's limitations could perform Plaintiff's past work as defined by the DOT as performed in the national economy, but not as Plaintiff described performing it. Tr. 72.

The medical records before the ALJ and admitted into evidence at the hearing include: office treatment records dated 11/13/2017 to 02/26/2018 from ROC of Houston Oorthopedics (Tr. 296-302, 322-26); outpatient hospital records dated 09/18/2019 to 01/17/2020 from Houston, Tx VA (Tr. 303-313); EMG results dated 02/14/2020 (Tr. 314-15); outpatient hospital records from St. Joseph Medical Center dated 2012-2021 (Tr. 316-321, 327, 333-35, 346-59); records from 2016-2017 from

Diagnostic MRI (Tr. 328-32); records from the Department of the Army dated June 1990 regarding his service injury (Tr. 341-45); Health Information Technology (HIT) Medical Report for date ranges 11/16/2019 to 06/24/2022, 07/09/2022 to 08/23/2023, 09/01/2023-12/07/2023 received from Federal JHIE (Tr. 360-656, 1639-2069); hospital records dated 02/24/2021 to 08/18/2023 from Michael E.DeBakey VA Medical (Tr. 664-803, 849-1638); office treatment records dated 04/17/2023 from Dr. Lisa Joseph (Tr. 812-14); outpatient hospital records dated 07/06/2015 to 05/05/2023 from VA (Tr. 815-48); office treatment records dated 03/22/2024 from various providers (2070-2223); undated office treatment records from Dr. Mariette Pierre (Tr. 2224-2232); and medical records dated 04/15/2024 from MRI Centers of Texas (Tr. 2233-2239).

The record also contains medical opinions from State Agency Medical Consultant Dr. Daryl K. Daniel (Tr. 804-811) and from State Agency Psychological Consultant Dr. Richard A. Hardaway (Tr. 657-63). Dr. Mariette Peirre provided a Medical Necessity Letter stating that Plaintiff needs disability benefits but the letter is not a medical source opinion. Tr. 2224.

## II.     Standard of Review of the Commissioner's Decision

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported

by substantial evidence. *Garcia v. Berryhill,* 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A decision is supported by substantial evidence if "credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citation omitted). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020). "The claimant bears the burden of satisfying the first four steps of the analysis; the Commissioner bears the burden of establishing the fifth by demonstrating that other work the claimant can perform is in the national economy." *Wilson v. Kijakazi*, No. 21-60663, 2022 WL 2339471, at *2 (5th Cir. June 29, 2022) (citation omitted). A finding that the claimant is

disabled at any point in the five-step review terminates the analysis. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

## III. Analysis

The ALJ performed the standard five-step sequential analysis and concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from his alleged onset date of November 16, 2020 through the date of the June 5, 2024 decision. Tr. 49. The Court addresses the ALJ's decision at each step of the sequential analysis.

### 1. Step One

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. No party challenges the ALJ's finding that Plaintiff has not engaged in substantial gainful activity since November 16, 2020. Tr. 41. The Court finds no reversible error at Step 1 of the analysis.

### 2. Step Two

At the second step, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Social Security regulations provide that "[i]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are,

therefore, not disabled." 20 C.F.R. §§ 404.1520(c), 416.920(c). A plaintiff bears the burden of showing not only the existence of an impairment, but its severity. *Randall v. Astrue*, 570 F.3d 651, 657 (5th Cir. 2009) (explaining that the statute and regulations "separate the question of the impairment's existence from the question of its severity").

In this case, the ALJ cited and applied the severity standard articulated in SSR 85-28. Tr. 42. The ALJ found that Plaintiff has the severe impairments of "degenerative disc disease of the cervical and lumbar spine; left above knee amputation by history; degenerative joint disease of the hips, spine, foot, ankle, arm, knee, and leg; and disorders of the shoulders with remote surgery bilaterally." Tr. 42. Plaintiff contends that ALJ's unfavorable disability finding is not supported by substantial evidence because he did not find Plaintiff's "cirrhosis of the liver," "major depressive disorder sever with psychosis," "panic disorder paroxysmal," "canal stenosis," "moderate contact on Left L5 nerve root," "indents in thecal sac," and "CT of left femoral head with avascular necrosis," to be severe impairments. ECF 12 at 14-15.

It is the Plaintiff's burden to prove both the severity and durational components of the severity requirement. *Todd C. v. Saul*, No. 4:19-CV-1811, 2021 WL 2651166, at *4 (S.D. Tex. June 28, 2021) (citing *Stone v. Heckler*, 752 F.2d 1099, 1105 (5th Cir. 1985). Plaintiff has done nothing more than present a list of

diagnosis and test findings without any corresponding evidence of functional limitations. ECF 12 at 14-15. A diagnosis alone does not establish disability. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *see also Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (holding that the mere presence of an impairment is not enough to establish a disability).

Furthermore, the ALJ did not commit reversible error at step 2 of the sequential analysis because he did not end his analysis there and proceeded to the next step. *See Todd C.*, 2021 WL 2651166, at *5 (recognizing that under Fifth Circuit case law, failure to find an impairment severe constitutes harmless error where the ALJ proceeded past step two, citing *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010)).

### 3. Step Three

The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). For a claimant to show that an impairment "medically equals" a listed

8

impairment, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id.* at 531 (emphasis in original).

The ALJ determined that none of Plaintiff's impairments, alone or in combination, met or equaled the severity of one of the listed impairments in Appendix 1. Tr. 44. The ALJ specifically "considered the 4.00H(1) cardiac preamble as well as the 1.15, 1.16, 1.17, 1.18, 1.2-, and 1.22 listings in light of the clinical signs and diagnostic findings in the medical evidence." Tr. 44. Plaintiff does not allege, and the Court does not find, any error in the ALJ's Step Three findings.

### 4. Step Four

Between steps three and four, the ALJ determines the claimant's Residual Functional Capacity (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue,* 433 F. App'x 241, 245 (5th Cir. 2011). At step four, the ALJ determines whether the claimant's RFC permits him to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

### A. Residual Functional Capacity

In determining a claimant's RFC, the ALJ considers the limiting effects of all a claimant's impairments, even those that are not severe. 20 C.F.R. §§ 404.1545(e), 416.945(e). In this case, the ALJ found Plaintiff has the RFC:

9

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the work is limited to occasionally climbing ramps or stairs, stopping, and kneeling. The work may not include crouching, crawling, or climbing ropes, ladders, or scaffolds. Additionally, the work may not be at unprotected heights or in the presence of dangerous machinery and is limited to occasional overhead reaching bilaterally.

Tr. 44-45 (footnote omitted). In determining Plaintiff's RFC, the ALJ considered Plaintiff's hearing testimony (Tr. 45-46), longitudinal treatment records (Tr. 46-47), the opinions of State Agency Medical Consultants (Tr. 43, 48), the opinion of psychological consultative examiner Dr. Richard Hardaway (Tr. 43), and the Medical Necessity Letter submitted by Plaintiff's treating physician Dr. Pierre (Tr. 48).[2]

Plaintiff argues that the ALJ erred by failing to give proper consideration to the opinions of Dr. Hardaway and Dr. Pierre and failing to fully develop the record on Plaintiff's impairments.

> i. **The ALJ did not err in analyzing the medical opinions of Drs. Hardaway and Pierre.**

Pursuant to the revised rules for evaluating medical opinions, the ALJ considers five factors when determining the degree of persuasiveness of a medical opinion: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which "tend[s] to support or contradict the

---

[2] The ALJ considered the VA's 100% disability finding in 2014 but gave it little probative value because the VA applies different standards and Plaintiff worked until 2020. *Id.*

opinion." 20 C.F.R. § 404.1520c(c)(1)–(5). The most important factors in this analysis are supportability and consistency. *See id.* § 404.1520c(a), (b)(2), (c)(1)-(2). The ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [his] determination or decision[,]" but is not required to explain how he considered the remaining factors. 20 C.F.R. § 404.1520c(b)(2); *Stephens v. Saul*, No. 3:20-CV-823-BH, 2020 WL 7122860, at *6 (N.D. Tex. Dec. 4, 2020).

As to Dr. Hardaway, the ALJ summarized the opinion and noted that it was inconsistent with Hardaway's clinical findings of "intact" social function, "sound" concentration and attention, and ability to manage finances. Tr. 43. The ALJ further stated the opinion was not supported by other mental status examinations in the record or Hardaway's findings during the consultative exam, which were cited and relied upon in the State Agency Psychological Consultants reports. *Id.* For example, the Disability Determination Explanation at the Reconsideration level cited the mental status examination on June 17, 2023 reporting that Plaintiff was calm, cooperative, logical and goal-directed, alert and oriented, with intact memory. Tr. 88. For these reasons, the ALJ did not find Hardaway's opinion persuasive. *Id.*

As to Dr. Pierre, the ALJ found that the Medical Necessity Letter was not a medical opinion but only a statement on the ultimate issue of disability. Tr. 48. A medical opinion is a statement from a medical source about what a plaintiff can still

11

do despite the plaintiff's impairments.  20 C.F.R. § 404.1513.  Pierre's undated letter does not assess any of Plaintiff's functional limitations.  Tr. 2224.  The ALJ correctly noted that ultimate finding of disability is reserved to him as a representative of the Commissioner.  Tr. 48;  *See Thompson v. O'Malley*, No. 6:24-CV-00010, 2025 WL 1270303, at *5 (S.D. Tex. Mar. 25, 2025), *report and recommendation adopted*, No. 6:24-CV-00010, 2025 WL 1266955 (S.D. Tex. May 1, 2025) (citing 20 C.F.R. § 404.1527(d)(3) and *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) ( "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work' [as] [t]hese determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'").  Further, the ALJ nonetheless considered and reviewed Plaintiff's medical records and found Pierre's opinion unpersuasive because it is inconsistent with State Agency Consultants' function-by-function analysis and not supported by Plaintiff's medical history, as summarized extensively in the ALJ's decision.  Tr. 48.

As to both Hardaway and Pierre, the ALJ considered the opinions and complied with regulations requiring him to explain the factors of supportability and consistency when determining the opinions were not persuasive.  The ALJ did not err in his consideration of the medical source opinions in the record.

12

### ii.     The ALJ did not err by failing to develop the record.

"A court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir.1996)). An ALJ's duty to develop the record is heightened when a claimant is unrepresented at the hearing. *Castillo v. Barnhart*, 325 F.3d 550, 552–53 (5th Cir. 2003). However, an ALJ is required to request more documentation only where the record does not contain enough relevant evidence to reach a decision on disability. *Jones*, 691 F.3d at 733.

In this case, the ALJ had before him an extensive medical history from treating and consulting physicians. The ALJ thoroughly considered and summarized these records, as well as Plaintiff's hearing testimony regarding his symptoms and limitations. *See generally* Tr. 39-49. The ALJ questioned Plaintiff regarding all the relevant facts and gave Plaintiff an opportunity to say "anything you'd like to help [the ALJ] understand why you meet the definition of disability." Tr. 60. Thus, the ALJ did not fail in his duty to fully develop the record. *See Castillo*, 325 F.3d at 553 (holding that "the ALJ's questions and [the plaintiff's] opportunities to add additional information into the record satisfied the ALJ's heightened duty to develop the record").

It is the ALJ's responsibility as factfinder to incorporate limitations into the RFC determination based on his assessment of the evidence. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The Court finds the ALJ satisfied his responsibility as the factfinder in this case and his RFC determination is not the result of legal error and is supported by substantial evidence.

### B.  Past Work

Based on his RFC determination, the ALJ determined that Plaintiff is capable of performing his past relevant work as a logistics specialist manager as generally performed in the national economy. Tr. 48-49. "Where an ALJ determines that a claimant retains the RFC to perform a past relevant job, the decision must contain the following specific findings: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the individual's RFC would permit a return to the individual's past job or occupation." *Morfin v. Saul*, No. 4:20-CV-814-P, 2021 WL 3533460, at *3 (N.D. Tex. June 8, 2021) (citing SSR 82–62, 1982 WL 31386, at *4 (S.S.A. 1982), *report and recommendation adopted*, No. 4:20-CV-00814-P-BP, 2021 WL 2820445 (N.D. Tex. July 7, 2021).

Here the ALJ specifically found (1) Plaintiff had the RFC for sedentary work, with additional limitations (Tr. 44-48); (2) Plaintiff's past relevant work as a logistics specialist manager was sedentary and skilled with a specific vocational

14

preparation (SVP) of eight (Tr. 49); and (3) while Plaintiff performed the job at the light level, based on the vocational expert's testimony, Plaintiff's RFC made him capable of performing his past job as it is generally performed in the national economy. *Id.* Therefore, the ALJ's decision satisfies the mandate of SSR 82-62 to make specific findings of fact regarding Plaintiff's ability to do his past work.

Plaintiff argues that the ALJ erred in failing to classify Plaintiff's past relevant work as a "composite job" and then analyzing his ability to do each aspect of the job. "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." SSR 82-61, 1982 WL 31387 at *2 (S.S.A. 1982). "If a claimant's past relevant work is a composite job, then the ALJ must consider each job within the composite job and find that the claimant is able to meet the demands of each position." *Taylor v. O'Malley*, No. 1:23-CV-960-ML, 2024 WL 3220731, at *5 (W.D. Tex. June 27, 2024) (citations omitted).

The ALJ did not err is failing to analyze Plaintiff's past relevant work as a composite job. Plaintiff testified that he had "one job" that had several responsibilities. Tr. 63. He spent the majority of his time doing "Rep Tracks Administrator" duties and also reviewed invoices and equipment requests as a "Contract Officer Representative" (COR). *Id.* The vocational expert questioned Plaintiff regarding all his responsibilities and how he performed them and concluded

15

that his past work was best described by the DOT title logistics specialist, 019.167-010, classified at the sedentary level with an SVP of 8. Tr. 63-64, 71. Plaintiff's representation that the vocational expert testified that Plaintiff's past work was a "composite job" is incorrect. ECF 12 at 20. The vocational expert acknowledged Plaintiff's multiple responsibilities and determined that they were part of one position that he performed at a different level than described in the DOT. Tr. 71. Because the vocational expert testified that Plaintiff's past work has a counterpart in the DOT, the ALJ did not err by not considering it as composite job under the regulations.

The main thrust of Plaintiff's argument is that he cannot perform his past relevant work in the same way he previously performed it. However, SSR 82-61 provides that "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform . . . [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy," regardless of whether he can perform it in the same manner as he did previously. Therefore, the Court concludes that the ALJ did not commit reversible error at Step Four of the sequential analysis.

### 5. Step Five

The ALJ determines at step five whether the claimant can perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Plaintiff argues that the ALJ's Step Five disability finding is error because the ALJ did not properly apply the Medical Vocational Guidelines (Grid Rules), 20 C.F.R. Part 404, Subpart P, Appendix 2. ECF 12 at 15-16. According to Plaintiff, if the ALJ had considered his advanced age, non-transferable skills, and RFC, the ALJ would have found Plaintiff disabled under Grid Rules 201.06 or 202.06. *Id.*

"If a claimant can pursue his former occupation, he is not entitled to disability benefits." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983). An ALJ must determine whether a claimant can perform other work in the national economy only if he cannot perform his past work. *Id*. In such cases, the Grid Rules assist an ALJ in determining whether a plaintiff is disabled at Step Five of the disability inquiry. *Id.* Because here the ALJ made his decision at Step Four of the sequential analysis, the ALJ did err by failing to proceed to Step Five or to consider the Grid Rules. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (explaining that the sequential analysis "terminates if the Commissioner finds at any step that the claimant is or is not disabled"); *Ana S. v. Dudek*, No. 4:24-CV-03228, 2025 WL 2483166, at *6 (S.D. Tex. July 23, 2025) (not addressing plaintiff's arguments regarding the Grid Rules because the ALJ made his determination at Step Four), *report and recommendation adopted*, No. 4:24-CV-03228, 2025 WL 2480929 (S.D. Tex. Aug. 28, 2025). Therefore, the ALJ's failure to consult the Grid Rules is not error.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment (ECF 12) be DENIED, the Commissioner's Motion for Summary Judgment (ECF 19) be GRANTED, the Commissioner's decision denying Plaintiff benefits be AFFIRMED, and this case be DISMISSED with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 19, 2026, at Houston, Texas.

                                                                                       Christina A. Bryan
                                                                                 United States Magistrate Judge